UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

AVIS COWARD,                                          Case No.   1:25-cv-01585

              Plaintiff,                              Hon.  Jane M. Beckering
                                                     U.S. District Judge

       v.

DOUGLAS HALL,

              Defendants.

_____/

**REPORT AND RECOMMENDATION**

This Report and Recommendation (R. & R.) addresses Plaintiff Avis Coward's

failure to comply with the January 22, 2026, order requiring him to provide the Court

with the address of Defendant within 28 days.   ECF No. 9.   Without the proper

address, the U.S. Marshals Service cannot serve Defendant with a summons and

complaint.   Plaintiff has not complied with that order.

"Although Plaintiff was granted leave to proceed *in forma pauperis* and is

relieved of his burden to serve process, he is nonetheless obligated to take "reasonable

steps . . . to identify for the court the defendants named in the complaint." *Byrd v.

Stone.* 94 F.3d 217, 219 (6th Cir. 1996).   This includes providing addresses for

service.   *Williams v. McLemore*, 10 F. App'x 241, 243 (6th Cir. 2001); *see also Lee v.

Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff bears the responsibility for

providing defendants' proper addresses for Marshal's service). "Courts have upheld

the dismissal of a pro se prisoner's . . . complaint, where the plaintiff failed to provide

the district court with the names and addresses of all of the defendants that the

1

plaintiff was filing suit against." *Herbert v. Roark*, No. 05-74754, 2006 WL 1284695, at *1 (E.D. Mich. May 9, 2006) (citing *Jaakkola v. Snyder*, No. 89-1330, 1989 WL 137855, at *1 (6th Cir. Nov. 16, 1989)).

Here, the U.S. Marshal Service (USMS) attempted to serve Defendant Douglas Hall at a known address on W. Michigan Ave., Lansing, MI.   ECF No. 8.   On Jan. 8, 2026, the USMS reported that it was unable to locate Defendant and that the Lansing Township Police Department refused service, explaining that Defendant was no longer there.   *Id.*   On Jan. 22, 2026, the Court ordered Plaintiff to provide an address where Defendant could be served within 28 days.   ECF No. 9.

A review of the docket indicates that Plaintiff has not provided an address where Defendant could be served.   Absent the correct address for service from Plaintiff, the Court is authorized to dismiss the action without prejudice for failure to effect service.

Accordingly, I recommend that this action be **DISMISSED without prejudice**.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    March 6, 2026

/s/ *Maarten Vermaat*

MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE

3